IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Philip Hansten <br> 3344 Parker Hill Rd, <br> Santa Rosa, CA 95404 <br>     Plaintiff, <br><br> vs. <br><br> Drug Enforcement Administration, <br> 8701 Morrissette Drive <br> Springfield, VA 22152 <br>     Defendant. | Case No. 1:21-cv-2043 <br><br> **COMPLAINT** |

  1.  Plaintiff Philp Hansten, by and through his undersigned attorneys ("Plaintiff"), brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for injunctive and other appropriate relief for production of agency records in the possession of the United States Drug Enforcement Administration ("DEA" or "Defendant") in response to requests properly made by Plaintiff.

**PARTIES**

  2.  Plaintiff Philip Hansten ("Prof. Hansten" or "Plaintiff") is a Professor Emeritus at the School of Pharmacy at the University of Washington.  Prof. Hansten teaches pharmaceutical courses with a specialty in drug interactions at the University of California in San Francisco and performs research involving drug interactions.  Prof. Hansten has authored multiple books on drug interactions, which have sold over one million copies since 1971.  He has lectured widely in North America, Europe, and Asia as well as Latin America and the Middle East.  Prof. Hansten was on the Advisory Board and a Contributing Editor to "The Medical Letter" for many years.

3. Defendant DEA is a federal agency within the United States Department of Justice that has possession and control of records that Plaintiff seeks.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which confers jurisdiction upon the District Court for the District of Columbia to enjoin the DEA from withholding agency records and to order the production of DEA records improperly withheld under the FOIA, and 28 U.S.C. § 1331, which confers jurisdiction on United States District Courts to hear cases arising under the federal laws of the United States, including appeals arising under the FOIA.

5. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B), which provides the United States District Court for the District of Columbia as a venue for cases arising under an appeal of the DEA's denial of a request under the FOIA.

6. Defendant has failed to meet the statutory deadline set by FOIA. 5 U.S.C. § 552(a)(6)(A)-(E). Plaintiff is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

7. This Court has the authority to render the injunctive relief requested pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTS

8. On March 10, 2021, Plaintiff submitted a FOIA request to the DEA (the "Request"). The Request sought the following records in the custody or control of the DEA: Records sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the "Date Issued" on the form is 05/11/2011 (May 11, 2011). Information responsive to the request likely consists of a single, easily-retrievable document.

9. DEA has not substantively responded to Plaintiff's Request.

10. On the day Plaintiff submitted his Request, March 10, 2021, the DEA sent an automatic reply to the Request. The automatic reply stated: "The Drug Enforcement Administration (DEA) inbox facilitates the submission of Freedom of Information Act (FOIA) and/or Privacy Act (PA) requests for access to DEA records….If you are submitting a FOIA request, this email serves as a courtesy reply. However, this does not replace the Acknowledgement letter that will be sent to you once your request has been scanned into our FOIA processing system. Please note, requests are handled in the order they are received. We will advise you if any additional information is required." This courtesy reply did not contain any estimated timeline for the acknowledgment letter or for a substantive response to the Request.

11. On April 3, 2021, having not received the acknowledgment letter referenced in the DEA's March 10, 2021 courtesy reply or any other response, Plaintiff contacted the DEA at [DEAFOIAPAQUESTIONS@dea.usdoj.gov](mailto:DEAFOIAPAQUESTIONS@dea.usdoj.gov) to request the status of the acknowledgment letter and to request a FOIA/PA case number.

12. On April 7, 2021, the DEA sent a further courtesy reply. This second courtesy reply provided a FOIA/PA Request Number of 21-00286-F. The communication stated: "This is to acknowledge receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request by the Drug Enforcement Administration, FOIA/PA Section. This response is a courtesy reply. It does not replace the acknowledgement letter that will be sent to you once your request has been reviewed by our Intake Unit. Please note, requests are handled in the order they are received. We will advise you if any additional information is required." This communication further stated: "Please be advised, due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the

3

processing of your request." The second courtesy reply did not contain any estimated timeline for the acknowledgment letter or for a substantive response to the Request.

13. No other response to Plaintiff's Request has been received despite Plaintiff's efforts to obtain a substantive response.

14. More than twenty (20) days have passed since the Request was submitted.

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

15. DEA's failure to substantively respond to the Request in the time period required by statute constitutes a constructive denial under the FOIA, from which Plaintiff seeks a review by this Court.

## COUNT I

16. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

17. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

18. Defendant has failed to meet the statutory deadlines set by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i). Accordingly, Plaintiff is deemed to have exhausted his administrative remedies under FOIA.

19. Accordingly, Plaintiff is entitled to an order reviewing the denial of Plaintiff's request and compelling Defendant to produce records responsive to his Request.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter an order:

1. Declaring that Plaintiff has exhausted his administrative remedies under FOIA and DEA has constructively denied Plaintiff's appropriate request for documents, thereby wrongfully withholding the requested agency records in violation of the FOIA;

2. Requiring the DEA to diligently undertake an adequate search for the requested records and provide those records to Plaintiff and provide an adequate explanation why those documents, or any portion thereof, are exempted from disclosure;

3. Awarding Plaintiff his costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. Granting such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel C. Schwartz
Daniel C. Schwartz, D.C. Bar No. 0017749
dcschwartz@bclplaw.com
Jessica R. Blaemire, D.C. Bar No. 1032912
jessica.blaemire@bclplaw.com
Bryan Cave Leighton Paisner, LLP
1155 F Street, NW
Washington, DC 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200

*Attorneys for Plaintiff Philip Hansten*

July 28, 2021