UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP HANTSEN,<br><br>*Plaintiff*,<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>*Defendant.* | Civil Action No. 1:21-cv-2043 (RC) |

# ANSWER

Defendant, Drug Enforcement Administration ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint which makes claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations in the Complaint, including the relief sought, are denied except when specifically admitted.

1. The allegations in this paragraph constitute Plaintiff's characterization of this case and the nature of the action to which no response is required.

## PARTIES[1]

2. This paragraph constitutes Plaintiff's characterization of Plaintiff, Philip Hansten, to which no response is required. To extent a response is necessary, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, deny the allegations.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent that a response is deemed required and to the extent that the headings and titles contained in this Answer could be construed to contain factual allegations, any such allegations are denied.

3. Defendant admits that the Drug Enforcement Administration ("DEA") is a federal agency subject to the Freedom of Information Act, 5 § U.S.C. 552. To the extent that Defendant may have possession and control of records responsive to Plaintiff's request, Defendant will notify Plaintiff of any lawful reason for withholding information or exempting such records from disclosure under the FOIA. To the extent a response is required herein, Defendant denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

4. . Defendant admits that the Court has jurisdiction over this FOIA matter.

5. Defendant admits that the venue is proper in this judicial district.

6. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

7. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## FACTS

8. Defendant admits Plaintiff submitted the FOIA requests at issue in this case. Defendant respectfully refers the Court to the relevant FOIA request for a full and accurate statement of its contents and denies any inconsistent characterizations thereof. Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegation in the last sentence of this paragraph.

9. Defendant admits that it had not provided a substantive response to Plaintiff's FOIA request by the date of Plaintiff's complaint. However, by letter dated August 27, 2021, and delivered by email to Plaintiff's counsel, Defendant informed the Plaintiff of Defendant's determination that any records responsive to Plaintiff's FOIA request were categorically exempt

from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents.

10. The paragraph refers to email correspondence dated March 10, 2021, attributed to the Defendant.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

11. The paragraph refers to Plaintiff's email correspondence of April 3, 2021.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

12. The paragraph refers to DEA email correspondence of April 7, 2021, acknowledging receipt of Plaintiff's FOIA request by the DEA FOIA/PA Section.  Defendant respectfully refers the Court to the relevant correspondence for a full and accurate statement of its contents and denies any inconsistent characterizations thereof.

13. Defendant admits that it had not provided a substantive response to Plaintiff's FOIA request by the date of Plaintiff's complaint.  However, by letter dated August 27, 2021, and delivered by email to Plaintiff's counsel, Defendant informed the Plaintiff of Defendant's determination that any records responsive to Plaintiff's FOIA request were categorically exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions..

14. Defendant admits the allegation in Paragraph 14.

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

15. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT 1

16. Defendant incorporates by references its responses set forth in Paragraphs 1 to 15 above.

17. Defendant admits that the DEA is a federal agency subject to the Freedom of Information Act, 5 § U.S.C. 552. The remaining allegations of this paragraph consist of conclusions of law to which no response is required.

18. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

19. This paragraph contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs is entitled to any relief.

## REQUESTED RELIEF

Paragraphs 1 – 4 of Plaintiff's "Requested Relief" contain Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Any document or information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq*., and the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Plaintiff is not entitled to information or records protected from disclosure by one or more exemptions to the FOIA. 5 U.S.C. § 552.

## THIRD DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

## FOURTH DEFENSE

To the extent Plaintiff's FOIA requests seek matters that are not "agency records," or seek matters exempt from disclosure under the FOIA, the Court lacks subject matter jurisdiction to compel the agency to produce such matters.

## FIFTH DEFENSE

To the extent Plaintiff's FOIA requests seek matters that are not "agency records," or seek matters exempt from disclosure under the FOIA, the Complaint fails to state a claim upon which relief can be granted with respect to such matters.

//
//
//
//
//
//

Dated: September 3, 2021					Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

BRIAN HUDAK
Acting Chief, Civil Division

_____/S/_____
T. ANTHONY QUINN
Assistant United States Attorney
D.C. Bar No. 415213
United States Attorney's Office
Civil Division
Washington, D.C. 20530
202-252-7558
Tony.Quinn2@USDoJ.Gov

*Counsel for Defendant*