UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILIP HANSTEN,

          Plaintiff,

    v.

DRUG ENFORCEMENT ADMINISTRATION,

       *Defendant*.

Civil Action No. 21-2043 (RC)

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

This dispute arises out of a Freedom of Information Act ("FOIA") requests that Plaintiff, Philip Hansten, submitted to Defendant, the Drug Enforcement Administration ("DEA"). *See* Compl. (ECF No. 1) at ¶ 1.

DEA now moves for summary judgment as any records responsive to Plaintiff's request are categorically exempt from disclosure, pursuant to 5 U.S.C. § 552(b)(7)(E). As explained below and supported by the declaration of the DEA Unit Chief of the Legal and External Affairs Unit, Freedom of Information and Privacy Act Section, Angela D. Hertel, the withholdings asserted fall squarely within the parameters of the asserted FOIA exemptions. Therefore, summary judgment is appropriate as a matter of law.

### FACTUAL BACKGROUND

By letter dated March 10, 2021, Plaintiff submitted a FOIA request for "[r]ecords sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the "Date Issued" on the form is 05/11/2011 (May 11, 2011)." *See* Compl.

¶¶ 1, 8; *see also* Exhibit 1 (Plaintiff's March 10, 2021 letter); Exhibit 2 (Declaration of Angela D. Hertel ("Hertel Decl.") ¶ 6).

DEA acknowledged receipt of the request and assigned it case number 21-00286-F. *See* Compl. ¶¶ 10-12; *see also* Hertel Decl. ¶ 7; Exhibit 3 (DEA's April 7, 2021 e-mail).

After Plaintiff filed his complaint on July 28, 2021, DEA informed Plaintiff, by a letter dated August 27, 2021, Exhibit 4, that any records responsive to Plaintiff's request were categorically exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E) and were being withheld in full. *See* Hertel Decl. ¶ 9. DEA's August 27, 2021, letter also explained that as any responsive records were categorically exempt from disclosure, pursuant to 5 U.S.C. § 552(b)(7)(E), DEA was not required to conduct a search for the requested record. *Id.*

A DEA Form 222 (a copy of which is attached as Exhibit 5), is *U.S. Official Order Form for Schedule I and II Controlled Substances*; *see* 21 C.F.R. Part 1305 (Orders for Schedule I and II Controlled Substances). The DEA Form 222, or its electronic equivalent, allows a registrant[1] to order and transfer Schedule I and II controlled substances, and is required for distribution of all Schedule I or II controlled substances, with limited exceptions. *See* 21 C.F.R. § 1305.03; *see also* 21 U.S.C. § 828.

Drugs and other substances that are considered controlled substances subject to DEA Form 222 under the Controlled Substances Act, 21 U.S.C. § 828, are divided into five schedules.[2] The Controlled Substances Act established a closed system for controlled substance distribution. This closed system allows for controlled substances to be traced from initial manufacture to final

---

[1]     A "registrant" is a person registered with DEA under section 303 of the Controlled Substances Act, 21 U.S.C. § 823, to handle Schedule I or II controlled substances.

[2]     An updated and complete list of the schedules is published annually in Title 21 C.F.R. §§ 1308.11 – 1308.15.

dispensing and requires record-keeping for the transfer and distribution of controlled substances from the creation to disposal. DEA requires that DEA Form 222 be maintained separately from all other records of the registrant. When controlled substance transactions fall outside the closed system of distribution, the activity constitutes diversion.

Only persons who are registered with DEA under section 303 of the Act to handle Schedule I or II controlled substances may obtain and use DEA Form 222, or issue electronic orders for these substances. *See* 21 C.F.R. 1305.04(a). Each DEA Form 222 bears an order form number and is issued with the name, address, and registration number of the registrant, the authorized activity, and schedules of the registrant. *See* 21 C.F.R. § 1305.11(c); *see also* Exhibit 5. Any person holding a registration authorizing the person to obtain a DEA Form 222 may requisition the forms through a DEA secured network connection or by contacting any Division Office or the DEA Registration Section. *See* 21 C.F.R. § 1305.11(b).

DEA's investigative jurisdiction derives from the Controlled Substances Act which authorizes DEA to enforce the Act through investigation of activity that would divert controlled substances from legitimate channels. Unlawful diversion of controlled substances may result in administrative action, civil penalties, and criminal prosecution of individuals and entities. *See, e.g.,* 21 U.S.C. § 843(a)(1) (providing that it shall be unlawful for "a registrant to distribute a controlled substance classified in schedule I or II, in the course of his legitimate business, except pursuant to an order or an order form as required by section 828 of this title."). Thus, all Form 222s that are contained within DEA's files would have been compiled for law enforcement purposes. These records were created and maintained by law enforcement employees in the course of their official duties enforcing the Controlled Substances Act.

The effectiveness of DEA's mission is dependent to a large extent on the use of sensitive collection techniques and methods that are not known to the general public. *See* Hertel Decl. ¶ 15. These law enforcement techniques and procedures are critical tools used by DEA to efficiently and effectively carry out DEA's mission to regulate the distribution of controlled substances for lawful uses. *Id*. The disclosure of these techniques and methods would seriously compromise DEA's ability to perform its law enforcement mission. *Id.*

The disclosure of any information identifying the registrant and the registrant's activity would reveal information collected in furtherance of DEA's diversion control enforcement and would provide information to individuals seeking to circumvent the law and interfere with or target for harassment or theft, persons and businesses ordering and supplying controlled substances for lawful purposes. *See* Hertel Decl. ¶ 16. In particular, information identifying a provider of controlled substances used in lethal injections would impair the government's ability to obtain lethal injection substances in the future. *Id.* The information collected from registrants pursuant to DEA's efforts to track the distribution of controlled substances for particular transactions, including the registrant's identity and their activity in controlled substances, is not generally known to the public. *Id.* By using discrete pieces of information and applying a mosaic analysis, individuals of the public looking to harass, intimidate, or target providers of controlled substances for particular purposes may interfere with the lawful distribution and use of controlled substances. *Id*.

DEA collects information from registrants for each order and distribution of controlled substances and maintains that information on DEA Form 222 for regulatory and investigative use in DEA's diversion control efforts. *Id*. Disclosing information from a DEA Form 222, in whole or in part, to persons not party to the transaction would potentially interfere with lawful distribution

and use of controlled substances by subjecting suppliers and users to harassment, interference, theft, or unwarranted scrutiny and would hamper DEA's investigation of unlawful diversion on the part of third parties having knowledge of orders, distribution channels, and uses for particular controlled substances. *Id.*

DEA determined that any records responsive to Plaintiff's request would identify a provider of controlled substances, the registrant's address, locations at which controlled substances are maintained, and the type and potential uses for the controlled substances distributed under the order. *See* Hertel Decl. ¶ 17. DEA further believes that any responsive records would potentially reveal the identity of a provider of controlled substances used in lethal injections. *Id*. The disclosure of the identity of a provider would not only impair the government's ability to obtain lethal injection substances in the future, but also is typically kept private by both the provider themselves, and the government. *Id*. his information is not customarily released to the public by the person from whom it was obtained because in DEA's experience the source of the lethal injection substances are commonly subject to harassment, threats, and negative publicity leading to commercial decline when it is discovered that they are providing substances to be used in implementing the death penalty. *Id.*

DEA also believes that releasing a list of locations where Schedule I and II controlled substances (those substances with the highest potential for abuse) are maintained, would lead to those locations being targeted by criminals with the potential for diversion and harm to physical safety. *See* Hertel Decl. ¶ 18. The DEA Diversion Control Division notes that some registrants use their personal home addresses as their registered location, so there is a possibility that some of the addresses listed on DEA Form 222 are residential locations. *Id.*

DEA believes that the purpose of the specific request for "names and addresses of all parties that were issued with DEA 222 Forms where the 'Date Issued' on the forms was listed as '05/11/2011'" is to reveal the identity of a provider of controlled substances used in lethal injections.  Information on Plaintiff Philip Hansten's opposition to the death penalty can be found at https://deathpenalty.org/voices-philip-hansten .

FOIA Exemption 7(E) protects "records or information compiled for law enforcement purposes" when disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  DEA categorically applied Exemption 7(E) to protect the order form number; name, address, and registration number of the registrant; the authorized activity and schedules of the registrant. *See* Hertel Decl. ¶ 14; *see also* Exhibit 4 (DEA's August 27, 2021 letter). The information that the DEA has withheld under Exemption 7(E) is located in a non-public database, the information is not publicly disclosed, and none of the information requested in this case has previously been disclosed by DEA. *See* Hertel Decl. ¶ 14.

## LEGAL STANDARDS

Summary judgment is appropriate when the pleadings and evidence "show[ ] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Once the moving party has satisfied

its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248.

The "vast majority" of FOIA cases are decided on motions for summary judgment. *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment"); *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007). An agency may be entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records, and each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. *See Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980).

To meet its burden, a defendant may rely on reasonably detailed and non-conclusory declarations. *See McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Media Rsch. Ctr.*, 818 F. Supp. 2d at 137. "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *CREW*, 478 F. Supp. 2d at 80 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch. Ctr.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

**ARGUMENT**

## I.   DEA PROPERLY WITHHELD THE DEA FORM 222s PURSUANT TO FOIA EXEMPTION 7(E)

Plaintiff challenges the DEA's categorical withholding of "[r]ecords sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the 'Date Issued' on the form is 05/11/2011" under FOIA Exemption 7(E). Compl. For the reasons set forth below, DEA's actions were appropriate, and the Court should grant summary judgment in DEA's favor.

### A.   Exemption 7 Threshold

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622 (1982). To withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7. *See Pratt v. Webster*, 673 F.3d 408, 413 (D.C. Cir. 1982). In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Just.*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

"[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope." *Mittleman v. Off. of Pers. Mgmt.*, 76 F.3d 1240, 1243 (D.C. Cir. 1996) (citing *Pratt*, 673 F.2d at 420 n.32). When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. Dep't of Just.*, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing *Pratt*,

673 F.2d at 418). A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "based on information sufficient to support at least 'a colorable claim' of its rationality." *Keys*, 830 F.2d at 340 (quoting *Pratt*, 673 F.2d at 421).

Here, because DEA is a law enforcement agency, DEA satisfies the threshold standard for invoking Exemption 7. Part of DEA's mission includes regulation of the distribution of controlled substances for lawful uses. *See* Hertel Decl. ¶ 15. DEA Form 222s are generated in connection with the closed system that allows for controlled substances to be traced from initial manufacture to final dispensing. The Controlled Substances Act requires record-keeping for the transfer and distribution of controlled substances from the creation to disposal, and DEA requires that DEA Form 222 be generated and maintained separately from all other records of the registrant. When controlled substance transactions fall outside the closed system of distribution, the activity constitutes diversion, which is a violation of the Controlled Substances Act.  Therefore, DEA Form 222s meet the threshold requirement for the assertion of FOIA Exemption 7.

    **B.**    **Exemption 7(E)**

FOIA Exemption 7(E) provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *see also Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009) ("the importance of deterrence explains why the exemption is written in broad and general terms" and further explains why the exemption looks "not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk"). The first clause of Exemption 7(E) affords

"categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions. *Smith v. Bureau of Alcohol, Tobacco & Firearms*, 977 F. Supp. 496, 501 (D.D.C. 1997) (citing *Fisher v. Dep't of Just.*, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992)).

Here, DEA believes that the purpose of the specific request for "names and addresses of all parties that were issued with DEA 222 Forms where the 'Date Issued' on the forms was listed as '05/11/2011'" is to reveal the identity of a provider of controlled substances used in lethal injections. This is based, in part, on the requestor's opposition to the death penalty. *See* https://deathpenalty.org/voices-philip-hansten.

DEA believes that releasing a list of locations where Schedule I and II controlled substances are maintained would lead to those locations being targeted by criminals with the potential for diversion and harm to physical safety. Some registrants use their personal home addresses as their registered location, so there is a possibility that some of the addresses on the list are residential locations. The information on a DEA Form 222 provided by a DEA registrant is routinely kept confidential by the business and there is an implied assurance that this information will be kept confidential by DEA. If the locations, names, and identifying information, such as registration numbers is publicly disclosed, these individuals would be endangered by those opposed to the use of lethal injection. Further, the manufacturers, suppliers, and receivers of these drugs also would be at risk.

In sum, the disclosure of the identity of a provider or recipient of these drugs significantly would impair the government's ability to obtain lethal injection substances in the future. This information is not customarily released to the public by the person from whom it was obtained because the sources of the lethal injection substances are commonly subject to harassment, threats,

and negative publicity when it is discovered that they are providing substances to be used in implementing the death penalty. If disclosed, this information is reasonably likely to interfere with the state and federal government's ability to procure the necessary substances for use in lethal injections, would impair DEA's diversion control enforcement, and would provide information to individuals seeking to circumvent the law and interfere with or target for harassment or theft, persons and businesses ordering and supplying controlled substances for lawful purposes.

The D.C. Circuit "sets a relatively low bar for the agency to justify withholding" information under Exemption 7(E)." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). The exemption allows for withholding information in the face of "not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk." *Mayer Brown,* 562 F.3d at 1193. Accordingly, summary judgment in favor of DEA is appropriate.

**CONCLUSION**

For the reasons set forth above, DEA respectfully requests that this Court grant summary judgment in its favor of DEA.

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By: _/s/ T. Anthony Quinn_
    T. ANTHONY QUINN
    D.C. Bar No. 415213
    Assistant United States Attorney
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    Telephone: 202-252-7558
    Tony.Quinn2@usdoj.gov

    COUNSEL FOR DEFENDANT