UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP HANSTEN, | |
| Plaintiff, | |
| v. | Civil Action No. 21-2043 (RC) |
| DRUG ENFORCEMENT ADMINISTRATION, | |
| *Defendant*. | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), Defendant, the Drug Enforcement Administration ("DEA"), submits this statement of material facts as to which there is no genuine issue in support of its motion for summary judgment on the claims asserted by Plaintiff, Philip Hansten.

| | |
|---|---|
| 1. By letter dated March 10, 2021, Plaintiff submitted a FOIA request for "[r]ecords sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the "Date Issued" on the form is 05/11/2011 (May 11, 2011)."<br><br>Compl. ¶¶ 1, 8;<br>Plaintiff's March 10, 2021 letter;<br>Declaration of Angela D. Hertel ("Hertel Decl.") ¶ 6. | |
| 2. DEA acknowledged receipt of the request and assigned it case number 21-00286-F.<br><br>Compl. ¶¶ 10-12;<br>Hertel Decl. ¶ 7;<br>DEA's April 7, 2021 e-mail. | |

| | |
|---|---|
| 3. By a letter dated August 27, 2021, DEA informed Plaintiff that any records responsive to Plaintiff's request were categorically exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E) and were being withheld in full.<br><br>Hertel Decl. ¶ 9;<br>DEA's August 27, 2021 letter. | |
| 4. DEA's August 27, 2021, letter also explained that as any responsive records were categorically exempt from disclosure, pursuant to 5 U.S.C. § 552(b)(7)(E), DEA was not required to conduct a search for the requested record.<br><br>Hertel Decl. ¶ 9;<br>DEA's August 27, 2021 letter. | |
| 5. A DEA Form 222 is the U.S. Official Order Form for Schedule I and II Controlled Substances.<br><br>21C.F.R. Part 1305;<br>Hertel Decl. ¶ 10. | |
| 6. The DEA Form 222, or its electronic equivalent, allows a registrant to order and transfer Schedule I and II controlled substances, and is required for distribution of all Schedule I or II controlled substances, with limited exceptions.<br><br>21 C.F.R. § 1305.03;<br>21 U.S.C. § 828'<br>Hertel Decl. ¶ 10. | |

| | |
|---|---|
| 7. Only persons who are registered with DEA under section 303 of the Act to handle Schedule I or II controlled substances may obtain and use DEA Form 222, or issue electronic orders for these substances.<br><br>21 C.F.R. 1305.04(a);<br>Hertel Decl. ¶ 10. | |
| 8. Each DEA Form 222 bears an order form number and is issued with the name, address, and registration number of the registrant, the authorized activity, and schedules of the registrant.<br><br>21 C.F.R. § 1305.11(c);<br>DEA Form 222. | |
| 9. A person holding a registration authorizing the person to obtain a DEA Form 222 may requisition the forms through a DEA secured network connection or by contacting any Division Office or the DEA Registration Section.<br><br>21 C.F.R. § 1305.11(b);<br>Hertel Decl. ¶ 10. | |
| 10. DEA's investigative jurisdiction derives from the Controlled Substances Act which authorizes DEA to enforce the Act through investigation of activity that would divert controlled substances from legitimate channels.<br><br>21 U.S.C. § 801 *et seq.*<br>Hertel Decl. ¶ 11. | |
| 11. Unlawful diversion of controlled substances may result in administrative action, civil penalties, and criminal prosecution of individuals and entities.<br><br>21 U.S.C. § 843(a)(1);<br>Hertel Decl. ¶ 11. | |
| 12. All Form 222s that are contained within DEA's files would have been compiled for law enforcement purposes.<br><br>Hertel Decl. ¶ 12. | |

| | |
|---|---|
| 13. The DEA Form 222s that are contained in DEA's files were created and maintained by law enforcement employees in the course of their official duties enforcing the Controlled Substances Act.<br><br>Hertel Decl. ¶ 12. | |
| 14. The effectiveness of DEA's mission is dependent to a large extent on the use of sensitive collection techniques and methods that are not known to the general public.<br><br>Hertel Decl. ¶ 15. | |
| 15. These law enforcement techniques and procedures are critical tools used by DEA to efficiently and effectively carry out DEA's mission to regulate the distribution of controlled substances for lawful uses.<br><br>Hertel Decl. ¶ 15. | |
| 16. The disclosure of these techniques and methods would seriously compromise DEA's ability to perform its law enforcement mission.<br><br>Hertel Decl. ¶ 15. | |
| 17. The disclosure of any information identifying the registrant and the registrant's activity would reveal information collected in furtherance of DEA's diversion control enforcement and would provide information to individuals seeking to circumvent the law and interfere with or target for harassment or theft, persons and businesses ordering and supplying controlled substances for lawful purposes.<br><br>Hertel Decl. ¶ 16. | |
| 18. Information identifying a provider of controlled substances used in lethal injections would impair the government's ability to obtain lethal injection substances in the future.<br><br>Hertel Decl. ¶ 16. | |

| | |
|---|---|
| 19. The information collected from registrants pursuant to DEA's efforts to track the distribution of controlled substances for particular transactions, including the registrant's identity and their activity in controlled substances, is not generally known to the public.<br><br>Hertel Decl. ¶ 16. | |
| 20. By using discrete pieces of information and applying a mosaic analysis, individuals of the public looking to harass, intimidate, or target providers of controlled substances for particular purposes may interfere with the lawful distribution and use of controlled substances.<br><br>Hertel Decl. ¶ 16. | |
| 21. DEA collects information from registrants for each order and distribution of controlled substances and maintains that information on DEA Form 222 for regulatory and investigative use in DEA's diversion control efforts.<br><br>Hertel Decl. ¶ 16. | |
| 22. Disclosing information from a DEA Form 222, in whole or in part, to persons not party to the transaction would potentially interfere with lawful distribution and use of controlled substances by subjecting suppliers and users to harassment, interference, theft, or unwarranted scrutiny and would hamper DEA's investigation of unlawful diversion on the part of third parties having knowledge of orders, distribution channels, and uses for particular controlled substances.<br><br>Hertel Decl. ¶ 16. | |

| | |
|---|---|
| 23. Any record responsive to Plaintiff's request would identify a provider of controlled substances, the registrant's address, locations at which controlled substances are maintained, and the type and potential uses for the controlled substances distributed.<br><br>Hertel Decl. ¶ 17. | |
| 24. Any record responsive to Plaintiff's request would potentially reveal the identity of a provider of controlled substances used in lethal injections.<br><br>Hertel Decl. ¶ 17. | |
| 25. The disclosure of the identity of a provider of controlled substances would impair the government's ability to obtain lethal injection substances in the future.<br><br>Hertel Decl. ¶ 17. | |
| 26. This information is not customarily released to the public by the person from whom it was obtained because in DEA's experience the source of the lethal injection substances are commonly subject to harassment, threats, and negative publicity leading to commercial decline when it is discovered that they are providing substances to be used in implementing the death penalty.<br><br>Hertel Decl. ¶ 17. | |
| 27. Plaintiff has made known his interest in death penalty drugs and drug compounds in comments posted to the webpage of Death Penalty Focus at https://deathpenalty.org/voicesphilip-hansten.<br><br>Hertel Decl. ¶ 18. | |
| 28. Death Penalty Focus identifies itself as being founded by a group of California death penalty opponents. These comments voice opposition both to the death penalty and to the involvement of pharmacists in preparing drugs for use in executions.<br><br>Hertel Decl. ¶ 18. | |

| 29. Releasing a list of locations where Schedule I and II controlled substances are maintained, would lead to those locations being targeted by criminals with the potential for diversion and harm to physical safety.<br><br>Hertel Decl. ¶ 19. | |

Dated: October 22, 2021        Respectfully submitted,

                                CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By: */s/ T. Anthony Quinn*
    T. ANTHONY QUINN
    D.C. Bar No. 415213
    Assistant United States Attorney
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    Telephone: 202-252-7558
    Tony.Quinn2@usdoj.gov

    COUNSEL FOR DEFENDANT