UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP HANSTEN,<br><br>        Plaintiff,<br><br>    v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>        *Defendant.* | Civil Action No. 21-2043 (RC) |

## PLAINTIFF'S COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), Plaintiff, Professor Philip Hansten ("Professor Hansten"), through counsel, submits this counter-statement of disputed material facts:

| | |
|---|---|
| 1. By letter dated March 10, 2021, Plaintiff submitted a FOIA request for "[r]ecords sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the "Date Issued" on the form is 05/11/2011 (May 11, 2011)."<br><br>Compl. ¶¶ 1, 8;<br>Plaintiff's March 10, 2021 letter;<br>Declaration of Angela D. Hertel ("Hertel Decl.") ¶ 6 | 1. Admitted. |
| 2. DEA acknowledged receipt of the request and assigned it case number 21-00286-F.<br><br><br><br><br><br>Compl. ¶¶ 10-12;<br>Hertel Decl. ¶ 7;<br>DEA's April 7, 2021 e-mail. | 2. Admitted that DEA assigned the FOIA request case number 21-00286-F. Denied to the extent that DEA implies that the April 7, 2021 email was an acknowledgement letter. The April 7, 2021 email was a courtesy reply which specifically stated that it did "not replace [an] acknowledgement letter[.]"<br><br>Declaration of Professor Philip Hansten ("Hansten Decl.") ¶ 12 and at Ex. D. |

1

| | |
|---|---|
| 3.  By a letter dated August 27, 2021, DEA informed Plaintiff that any records responsive to Plaintiff's request were categorically exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E) and were being withheld in full.<br><br>Hertel Decl. ¶ 9;<br>DEA's August 27, 2021 letter. | 3.  Admitted. |
| 4.  DEA's August 27, 2021, letter also explained that as any responsive records were categorically exempt from disclosure, pursuant to 5 U.S.C. § 552(b)(7)(E), DEA was not required to conduct a search for the requested record.<br><br>Hertel Decl. ¶ 9;<br>DEA's August 27, 2021 letter. | 4.  Admitted. |
| 5.  A DEA Form 222 is the U.S. Official Order Form for Schedule I and II Controlled Substances.<br><br>21 C.F.R. Part 1305;<br>Hertel Decl. ¶ 10. | 5.  Admitted. |
| 6.  The DEA Form 222, or its electronic equivalent, allows a registrant to order and transfer Schedule I and II controlled substances, and is required for distribution of all Schedule I or II controlled substances, with limited exceptions.<br><br>21 C.F.R. § 1305.03;<br>21 U.S.C. § 828'<br>Hertel Decl. ¶ 10. | 6.  Admitted. |
| 7.  Only persons who are registered with DEA under section 303 of the Act to handle Schedule I or II controlled substances may obtain and use DEA Form 222, or issue electronic orders for these substances.<br><br>21 C.F.R. 1305.04(a);<br>Hertel Decl. ¶ 10. | 7.  Admitted. |

| | |
|---|---|
| 8.   Each DEA Form 222 bears an order form number and is issued with the name, address, and registration number of the registrant, the authorized activity, and schedules of the registrant.<br><br>21 C.F.R. § 1305.11(c);<br>DEA Form 222. | 8.  Admitted. |
| 9.   A person holding a registration authorizing the person to obtain a DEA Form 222 may requisition the forms through a DEA secured network connection or by contacting any Division Office or the DEA Registration Section.<br><br>21 C.F.R. § 1305.11(b);<br>Hertel Decl. ¶ 10. | 9.  Admitted. |
| 10.  DEA's investigative jurisdiction derives from the Controlled Substances Act which authorizes DEA to enforce the Act through investigation of activity that would divert controlled substances from legitimate channels.<br><br>21 U.S.C. § 801 *et seq.*<br>Hertel Decl. ¶ 11. | 10. Admitted. |
| 11.  Unlawful diversion of controlled substances may result in administrative action, civil penalties, and criminal prosecution of individuals and entities.<br><br>21 U.S.C. § 843(a)(1);<br>Hertel Decl. ¶ 11. | 11. Admitted. |
| 12.  All Form 222s that are contained within DEA's files would have been compiled for law enforcement purposes.<br><br>Hertel Decl. ¶ 12. | 12. Denied.  Professor Hansten has not requested the Forms 222 themselves, but rather information about entities who were *issued* Forms 222 on a specific date.  DEA's maintenance of Forms 222 and any tracking of registrants who are issued Forms 222 relates to "recordkeeping." |

| | |
|---|---|
| | DEA Program Description, attached as Ex. 2 to Professor Hansten's Motion for Summary Judgment<br>21 CFR § 1305.04<br>21 CFR § 1305.11(b) |
| 13.  The DEA Form 222s that are contained in DEA's files were created and maintained by law enforcement employees in the course of their official duties enforcing the Controlled Substances Act.<br><br>Hertel Decl. ¶ 12. | 13. Even if DEA Forms 222 are created and maintained by "law enforcement employees in the course of their official duties," it is Denied that those actions are necessarily in connection with enforcing the Controlled Substances Act.  In addition, Professor Hansten has not requested the Forms 222 themselves, but rather information about entities who were *issued* Forms 222 on a specific date.  DEA's maintenance of Forms 222 and any tracking of registrants who are issued Forms 222 relates to "recordkeeping."<br><br>DEA Program Description, attached as Ex. 2 to Professor Hansten's Motion for Summary Judgment<br>21 CFR § 1305.04<br>21 CFR § 1305.11(b) |
| 14.  The effectiveness of DEA's mission is dependent to a large extent on the use of sensitive collection techniques and methods that are not known to the general public.<br><br>Hertel Decl. ¶ 15. | 14. Even if DEA's mission, in general, depends on techniques not generally known to the general public, it is Denied that records merely reflecting entities issued Forms 222 on a particular day involve sensitive collection techniques and methods that are not known to the general public.  Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants.  Further, DEA has released information related to Forms 222 in response to FOIA requests in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and |

| | |
|---|---|
| | *https://apps2.deadiversion.usdoj.gov/RAPR/rapr RegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 15.   These law enforcement techniques and procedures are critical tools used by DEA to efficiently and effectively carry out DEA's mission to regulate the distribution of controlled substances for lawful uses.<br><br>Hertel Decl. ¶ 15. | 15. Even if such general techniques and procedures are used by DEA, it is Denied that records merely reflecting entities issued Forms 222 on a particular day involve sensitive collection techniques and methods that are not known to the general public.  Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants.  Further, DEA has released information related to Forms 222 in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/rapr RegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 16.   The disclosure of these techniques and methods would seriously compromise DEA's ability to perform its law enforcement mission.<br><br>Hertel Decl. ¶ 15. | 16. Even if disclosures of DEA's techniques and methods, in general, would compromise DEA's ability to perform its missions, it is Denied that records merely reflecting entities issued Forms 222 on a particular day involve sensitive collection techniques and methods that are not known to the general public.  Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants.  Further, |

| | |
|---|---|
| | DEA has released information related to Forms 222 in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 17. The disclosure of any information identifying the registrant and the registrant's activity would reveal information collected in furtherance of DEA's diversion control enforcement and would provide information to individuals seeking to circumvent the law and interfere with or target for harassment or theft, persons and businesses ordering and supplying controlled substances for lawful purposes.<br><br>Hertel Decl. ¶ 16. | 17. Denied. DEA's declaration provides no basis for or specific examples of this assertion. Additionally, Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants. Further, DEA has released information related to Forms 222 in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 18. Information identifying a provider of controlled substances used in lethal injections would impair the government's ability to obtain lethal injection substances in the future.<br><br>Hertel Decl. ¶ 16. | 18. Denied. DEA's declaration provides no basis for or specific examples of any such impairment. Additionally, the government's ability to obtain drugs for executions is unrelated to and irrelevant to any analysis of whether Exemption 7(E) applies. In any event, Form 222 techniques and methods are publically known as DEA's website contains |

| | |
|---|---|
| | information about the process and a link to an accessible population database of active registrants. Further, DEA has released information related to Forms 222 in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 19.   The information collected from registrants pursuant to DEA's efforts to track the distribution of controlled substances for particular transactions, including the registrant's identity and their activity in controlled substances, is not generally known to the public.<br><br>Hertel Decl. ¶ 16. | 19. Denied. Most if not all information regarding registrants contained in the data requested is publically known, if not necessarily organized in the manner that would be provided in response to the Request. In addition, whether such information about registrants is publically known is not relevant to the application of Exemption 7(E). Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants. Further, DEA has released information related to Forms 222 in response to FOIA requests in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button* |

| | |
|---|---|
| | DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 20.     By using discrete pieces of information and applying a mosaic analysis, individuals of the public looking to harass, intimidate, or target providers of controlled substances for particular purposes may interfere with the lawful distribution and use of controlled substances.<br><br>Hertel Decl. ¶ 16. | 20. Denied.  DEA's declaration provides no basis for or specific examples of such a hypothesis; it is purely speculative.  Additionally, Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants. Further, DEA has released information related to Forms 222 in response to FOIA requests in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ; *https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 21.     DEA collects information from registrants for each order and distribution of controlled substances and maintains that information on DEA Form 222 for regulatory and investigative use in DEA's diversion control efforts.<br><br>Hertel Decl. ¶ 16. | 21. Admitted that "DEA collects information from registrants for each order and distribution of controlled substances and maintains that information on DEA Form 222[.]"  The rest of the statement is Denied as this information relates to "recordkeeping." In addition, Professor Hansten has not requested information on Forms 222 themselves, but rather information about entities who were *issued* Forms 222 on a specific date.<br><br>DEA Program Description, attached as Ex. 2 to Professor Hansten's Motion for Summary Judgment<br>21 CFR § 1305.04<br>21 CFR § 1305.11(b) |

| | |
|---|---|
| 22. Disclosing information from a DEA Form 222, in whole or in part, to persons not party to the transaction would potentially interfere with lawful distribution and use of controlled substances by subjecting suppliers and users to harassment, interference, theft, or unwarranted scrutiny and would hamper DEA's investigation of unlawful diversion on the part of third parties having knowledge of orders, distribution channels, and uses for particular controlled substances.<br><br>Hertel Decl. ¶ 16. | 22. Denied. DEA provides no basis for or examples of this hypothesis. In addition, Professor Hansten has not requested information on Forms 222 themselves, but rather simply a list of legally-authorized DEA registrants who were issued Forms 222 on a specific date. Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants. Further, DEA has released information related to Forms 222 in response to FOIA requests in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment *https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 23. Any record responsive to Plaintiff's request would identify a provider of controlled substances, the registrant's address, locations at which controlled substances are maintained, and the type and potential uses for the controlled substances distributed.<br><br>Hertel Decl. ¶ 17. | 23. Admitted. |
| 24. Any record responsive to Plaintiff's request would potentially reveal the identity of a provider of controlled substances used in lethal injections.<br><br>Hertel Decl. ¶ 17. | 24. Denied. This statement is entirely speculative. Importantly, whether the controlled substances are used in lethal injections is not related to law investigations or prosecutions and, therefore, is irrelevant to the applicability of Exemption 7(E). |
| 25. The disclosure of the identity of a provider of controlled substances would impair | 25. Denied. DEA fails to identify any basis for or examples of such a hypothesis. |

9

| | |
|---|---|
| the government's ability to obtain lethal injection substances in the future.<br><br>Hertel Decl. ¶ 17. | The government's ability to obtain drugs for executions is not only irrelevant to the applicability of Exemption 7(E) but is more broadly not in any way related to DEA's investigatory and prosecutorial roles and mission. Further, Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants. DEA has released information related to Forms 222 in response to FOIA requests in the past.<br><br>Ex. 4-6 to Professor Hansten's Motion for Summary Judgment<br>*https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 26. This information is not customarily released to the public by the person from whom it was obtained because in DEA's experience the source of the lethal injection substances are commonly subject to harassment, threats, and negative publicity leading to commercial decline when it is discovered that they are providing substances to be used in implementing the death penalty.<br><br>Hertel Decl. ¶ 17. | 26. Denied. DEA has provided no basis for or examples of such a hypothesis. Professor Hansten has not requested information obtained by DEA from others, but rather simply a list of legally-authorized DEA registrants who were issued Forms 222 on a specific date. In addition, whether the person providing information otherwise discloses that information is irrelevant to whether the disclosure of such information is preventable under Exemption 7(E). Moreover, Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants. Further, DEA has released information related to Forms 222 in response to FOIA requests in the past. |

| | |
|---|---|
| | Ex. 4-6 to Professor Hansten's Motion for Summary Judgment <br> *https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.gov/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button* <br> DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |
| 27. Plaintiff has made known his interest in death penalty drugs and drug compounds in comments posted to the webpage of Death Penalty Focus at https://deathpenalty.org/voicesphilip-hansten. <br><br> Hertel Decl. ¶ 18 | 27. Neither Admitted nor Denied, as this is not a material fact. This assertion is irrelevant to the applicability of Exemption 7(E). |
| 28. Death Penalty Focus identifies itself as being founded by a group of California death penalty opponents. These comments voice opposition both to the death penalty and to the involvement of pharmacists in preparing drugs for use in executions. <br><br> Hertel Decl. ¶ 18. | 28. Neither Admitted nor Denied, as this is not a material fact. This assertion is irrelevant to the applicability of Exemption 7(E). |
| 29. Releasing a list of locations where Schedule I and II controlled substances are maintained, would lead to those locations being targeted by criminals with the potential for diversion and harm to physical safety. <br><br> Hertel Decl. ¶ 19. | 29. Denied. DEA has provided no basis for or specific examples of such targeting. Whether disclosure of the requested information would lead to the hypothesis provided is not relevant to the applicability of Exemption 7(E). Moreover, Form 222 techniques and methods are publically known as DEA's website contains information about the process and a link to an accessible population database of active registrants. Further, DEA has released information related to Forms 222 in response to FOIA requests in the past. <br><br> Ex. 4-6 to Professor Hansten's Motion for Summary Judgment *https://www.deadiversion.usdoj.gov/faq/form_222_faq.htm* ;*https://www.deadiversion.usdoj.go* |

| | |
|---|---|
| | *v/drugreg/index.html* and *https://apps2.deadiversion.usdoj.gov/RAPR/raprRegistrantPopulationByStateAndBusinessActivity.xhtml#no-back-button*<br>DEA FOIA Logs, attached as Ex. 3 to Professor Hansten's Motion for Summary Judgment |

Dated: November 29, 2021              Respectfully submitted,

By: */s/ Daniel C. Schwartz*
Daniel C. Schwartz (D.C. Bar # 0017749)
Jessica R. Blaemire (D.C. Bar # 1032912)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street NW
Washington, D.C. 20004
Telephone: 202-508-6000
dcschwartz@bclplaw.com
jessica.blaemire@bclplaw.com
*Counsel for Plaintiff Professor Philip Hansten*