UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP HANSTEN,<br><br>*Plaintiff,*<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>*Defendant.* | Civil Action No. 21-2043 (RC) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

By and through its undersigned counsel, Defendant, the Drug Enforcement Administration ("DEA"), respectfully files this reply to Plaintiff, Phillip Hansten's, opposition to Defendant's motion for summary judgment (ECF No. 15), and requests that the Court grant DEA's motion for summary judgment and deny Plaintiff's motion for summary judgment.

### SUMMARY

The Parties each seek summary judgment in this Freedom of Information Act ("FOIA") case. DEA has categorically denied, pursuant to FOIA Exemption 7(E), Plaintiff's request for DEA Form 222s used to order and transfer controlled substances. DEA denied the request because disclosure of any information identifying the individuals and entities, as well as the activity and location of, the ordering, shipment, delivery, and transfer of controlled substances, would reveal information collected in furtherance of DEA's law enforcement mission, would provide information to those seeking to circumvent the law, and those seeking to interfere with, or target for theft or harassment, persons and businesses ordering, supplying, and transferring controlled

substances for lawful purposes. Accordingly, the Court should deny Plaintiff's motion for summary judgment and grant summary judgment in DEA's favor.

## ARGUMENT

DEA's invocation of FOIA Exemption 7(E) was justified and appropriate.[1] In his Opposition (ECF No. 15), Plaintiff argues that DEA improperly invoked FOIA Exemption 7(E) when it categorically denied Plaintiff's request for "Records sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the "Date Issued" on the form is 05/11/2011 (May 11, 2011)."

Plaintiff argues that DEA has not shown that any FOIA Exemption applies to the requested documents because DEA failed to describe the responsive documents—the DEA Form 222. *See* ECF 15 at 11-12. However, to ensure that the Form 222 was described (in full) DEA attached an exemplar Form 222—the Official Order Form for Schedule I and II Controlled Substances—as an Exhibit to its opening summary judgment brief. *See* ECF 12-8. In addition to the exemplar, DEA cited and quoted the statutory sections (18 U.S.C. § 828) and regulatory provisions (21 C.F.R. Part 1305) under which DEA uses the DEA Form 222 to compile information for law enforcement purposes. *See* ECF No. 12-1 at 2-5; see also ECF No. 14 at 7-8. DEA has described the subject documents. *See* 5 U.S.C. § 552(b)(7); *see also Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n*, 740 F.3d 195, 202-03 (D.C. Cir. 2014) (holding that "[t]o fall within Exemption 7, documents must first meet a threshold requirement: that the records were 'compiled for law enforcement purposes'"); *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (reiterating

---

[1] In his Opposition, Plaintiff assert that DEA's categorical denial of Plaintiff's FOIA request is premised on Plaintiff's identify and Plaintiff's purported purpose behind the request for the DEA Form 222s. *See* ECF No. 15 at 10-11. To be clear, to the extent that DEA made any such argument, it hereby withdraws any such argument that is based either on Plaintiff's Philip Hansten's identity or the purpose of his FOIA request.

that to "show that the disputed documents were 'compiled for law enforcement purposes,' the FBI need only 'establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law'" (quoting *Campbell v. Dep't of Just.,* 164 F.3d 20, 32 (D.C. Cir. 1998), as amended, (Mar. 3, 1999)).

Plaintiff next argues that DEA has failed to show that the Form 222s were "compiled for law enforcement purposes" within the meaning of Exemption 7.[2]  *See* ECF No. 15 at 12-16. Plaintiff is mistaken.  DEA Form 222s are ineluctably "records or information compiled for law enforcement purposes" within the meaning of FOIA.  *See Bartko v. Dep't of Just.*, 898 F.3d 51, 64 (D.C. Cir. 2018); *see also Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015) (noting that "Exemption 7 requires that a document be created, gathered, or used by an agency for law enforcement purposes at some time before the agency invokes the exemption."); *Ray v. FBI*, 441 F. Supp. 2d 27, 33-34 (D.D.C. 2006) (determining that documents generated by FBI efforts to prevent distribution of pornography, combat insurance fraud, and battle drug trafficking meet law enforcement threshold); *Concepcion v. Customs & Border Prot.*, 907 F. Supp. 2d 133, 140-41 (D.D.C. 2012) (explaining that passenger activity reports compiled as part

---

[2]  Plaintiff's reliance on *Citizens for Responsibility Ethics in Washington ("CREW") v. Department of Justice*, Civ. A. No. 19-3626 (DLF), 2021 WL 4502039, at *8 (D.D.C. Sept. 30, 2021), to challenge DEA's use of Exemption 7(E), is misplaced.  In *CREW*, the Court found that although the Bureau of Prison's procurement of Pentobarbital "to effect a punishment is a distinct phase in the broader scheme of law enforcement," because "punishment" is not specifically mentioned as a part of "investigation or prosecution," FOIA Exemption 7(E) did not apply.

Here, however, DEA is using the Form 222s pursuant to statutorily imposed requirements under which a violation is a criminal act.  *See, e.g.,* 21 U.S.C. § 843(a)(1) (providing that it shall be unlawful for "a registrant to distribute a controlled substance classified in Schedule I or II, in the course of his legitimate business, except pursuant to an order, or an order form, as required by section 828 of this title.").

of agency's mission to secure borders of U.S. by collecting and reviewing travel information satisfies law enforcement threshold); *Ameren Mo. v. EPA*, 897 F. Supp. 2d 802, 813 (E.D. Mo. 2012) (finding that records compiled as result of "statutory responsibility" to enforce Clean Air Act were compiled for law enforcement purposes).

Plaintiff next argues that DEA's application of Exemption 7(E) is flawed because DEA "neither identified any non-public law enforcement techniques nor provided any explanation of the procedures that it is purportedly protecting." *See* ECF No. 15 at 16-18.  Plaintiff misreads Exemption 7(E) and the pertinent interpreting case law, however, and seeks to unduly narrow the broad language, and significantly raise the "low bar," the D.C. Circuit has set for Exemption 7(E). *See Blackwell*, 646 F.3d at 42 (noting that "'[r]ather than requiring a highly specific burden of showing how the law will be circumvented, [E]xemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law'" (*quoting Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 1990)); *accord Skinner v. Dep't of Just.*, 893 F. Supp. 2d 109, 114 (D.D.C. 2012) (noting that D.C. Circuit precedent sets a "'low bar'" for withholding under Exemption 7(E) (quoting *Blackwell*)); s*ee also Mayer Brown*, 562 F.3d at 1194 (observing that while FOIA requires exemptions to be construed narrowly, Exemption 7(E) constitutes "broad language").[3]

Here, DEA's categorical application of FOIA Exemption 7(E) was appropriate under its "broad language." Several significant facts support DEAs analysis:

---

[3]   Notably, Exemption 7(E) applies if the disclosure of information related to even "commonly known procedures" could "reduce or nullify their effectiveness." *Vazquez v. Dep't of Just.*, 887 F. Supp. 2d 114, 116 (D.D.C. 2012) (internal quotation marks omitted).

*First*, the DEA Form 222 is statutorily mandated. *See* 18 U.S.C. § 828(d)(1).[4]

*Second*, DEA asserted the Exemption to protect:

> (a) the DEA Form 222s' order form number;
> (b) name, address, location, and registration number of the registrant;
> (c) the authorized activity of and drugs involved with the registrant; and,
> (d) the registrant's schedules of receipt and shipment.

*See e.g.* ECF No. 12-5 (Declaration of Angela D. Hertel ("Hertel Decl.") ¶ 14, 17-18; *see also* ECF No. 12-7 (DEA's August 27, 2021 letter).

*Third*, the information in the Form 222s that DEA withheld under Exemption 7(E): (a) resides in a non-public database; and (b) is not publicly disclosed or publicly available. *See* ECF No. 12-5 (Hertel Decl.) ¶ 14. DEA established a connection between an individual (or incident) and a possible security risk or violation of federal law. *See Blackwell*, 646 F.3d at 40. DEA's basis for withholding the DEA Form 222s rested, in part, on a "mosaic" theory. *See* ECF No. 12-5 (Hertel Decl.) ¶ 16; *see also* ECF No. 14 at 8-9; *Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec.*, --- F. Supp. 3d ---, 2021 WL 950415, at *4 (D.D.C. Mar. 12, 2021) ("[I]n some cases . . . Exemption 7(E) allows agencies to withhold data constituting 'part of a complex mosaic' that, if pieced together, would reveal law enforcement techniques, procedures, or guidelines." (citation omitted)); *Reps. Comm. for Freedom of the Press v. FBI*, --- F. Supp. 3d ---, 2021 WL 2913078, at *8 (D.D.C. Jul. 12, 2021) ("If Exemption 7(E) protects the full mosaic from disclosure, (it also 'shield[s] each individual piece' of the mosaic 'to prevent anyone from

---

[4]   18 U.S.C. § 828(d)(1) provides:

The Attorney General shall issue forms pursuant to subsections (a) and (c)(2) only to persons validly registered under section 823 of this title (or exempted from registration under section 822(d) of this title). Whenever any such form is issued to a person, the Attorney General shall, before delivery thereof, insert therein the name of such person, and it shall be unlawful for any other person (A) to use such form for the purpose of obtaining controlled substances or (B) to furnish such form to any person with intent thereby to procure the distribution of such substances.

constructing' it."); *Shapiro v. Dep't of Just.*, 239 F. Supp. 3d 100, 115 (D.D.C. 2017) ("The 'mosaic' theory 'finds support in both Supreme Court and D.C. Circuit precedent recognizing that "bits and pieces of data may aid in piecing together bits of other information even when the individual piece is not of obvious importance in itself."'"). Accordingly, because DEA's assertion of Exemption 7(E) as to Plaintiff's FOIA request is appropriate and justified, the Court should grant summary judgement in DEA's favor.

## CONCLUSION

For the reasons set forth above, in DEA's opening summary judgment brief (ECF No. 12), and in its brief in opposition to plaintiff's motion for summary judgment (ECF No. 14), DEA respectfully requests that this Court deny Plaintiff's motion for summary judgement (ECF No. 11) and grant it summary judgment.

Dated: December 20, 2021            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            D.C. Bar No. 481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Acting Chief, Civil Division


                                  By: */s/ T Anthony Quinn*
                                            T. ANTHONY QUINN
                                            D.C. Bar No. 415213
                                            Assistant United States Attorney
                                            555 Fourth Street, N.W.
                                            Washington, D.C. 20530
                                            202-252-7558
                                            Tony.Quinn2@usdoj.gov

                                            COUNSEL FOR DEFENDANT